Opinion filed December 21,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00012-CR

                                                    __________

 

                           JAMES
MATTHEW HORTON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 18th District Court

 

                                                          Johnson
County, Texas

 

                                                    Trial
Court Cause No. F44746

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted James Matthew Horton, appellant, of the third-degree felony
offense of violating a protective order by committing an assault.  See Tex. Penal Code Ann. § 25.07(a), (g)
(West Supp. 2012).  The jury assessed appellant’s punishment at confinement for
a term of eight years.  We affirm.  

            In his
sole issue on appeal, appellant challenges the sufficiency of the evidence with
respect to the assault element of the offense.  Appellant argues that the
evidence was insufficient to support the jury’s rejection of his claim of self-defense. 
We review a challenge to the sufficiency of the
evidence under the standard of review set forth in Jackson v. Virginia,
443 U.S. 307, 318–19 (1979).  Brooks v. State, 323 S.W.3d 893, 912 (Tex.
Crim. App. 2010); Polk v. State, 337 S.W.3d 286, 288–89 (Tex.
App.—Eastland 2010, pet. ref’d).  Under the Jackson standard, we
examine all of the evidence in the light most favorable to the verdict and
determine whether, based on that evidence and any reasonable inferences from
it, any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt.  Jackson, 443 U.S. at 319; Isassi v. State, 330 S.W.3d 633, 638 (Tex.
Crim. App. 2010).  When the sufficiency claim involves self-defense, we must also
determine whether any rational trier of fact could have found against appellant
on the self-defense issue beyond a reasonable doubt.  Saxton v. State,
804 S.W.2d 910, 914 (Tex. Crim. App. 1991).  Once a defendant produces evidence
raising the issue of self-defense, the State has the burden of persuasion (not
production) to refute the self-defense claim, which requires only that the
State prove its case beyond a reasonable doubt.  Id. at 913; see Tex. Penal Code Ann. § 2.03 (West 2011). 


The record shows that appellant’s wife, Erica Vee Horton,
obtained a family violence protective order effective May 19, 2010.  The
parties did not abide by the terms of the protective order.  On the afternoon
of July 8, 2010, when Erica got home, appellant was lying on the couch in her
residence.  Appellant immediately began cursing Erica and calling her “f’ing
stupid.”  As Erica tried to walk away, appellant got up off the couch, grabbed
Erica by the neck, and threw her to the floor—where she hit her knees. 
Appellant then grabbed Erica by the hair, slammed her forehead into the floor,
picked up a rock that was used as a doorstop, and hit her in the back of the
head with the rock.  Erica left the residence and called 911.  

Two deputies responded to the call.  Both deputies
testified at trial and confirmed that Erica had abrasions on her knees, redness
on the side of her neck, a fresh goose-egg type lump on her forehead, and a
rather large knot on the back of her head that was sensitive to touch and seemed
to be growing.  Erica was upset and crying.  Photographs of Erica’s injuries
were taken by one of the deputies and were introduced into evidence at trial.

Appellant admitted that he violated the protective order by
being with Erica, but he testified that he acted in self-defense with respect
to the incident at issue.  According to appellant, he and Erica got into a
heated argument after (1) she told him she had sold her wedding ring and (2) he
received a text message from a female with whom he was “kind of flirty.”  Both
appellant and Erica were screaming and hollering, and appellant decided that he
had had enough and was leaving.  Appellant called his father and Erica’s
mother, who were married to each other, to ask if he could stay with them for a
few days.  As appellant was telling Erica’s mother that Erica was going crazy
and that appellant wanted a divorce, Erica picked up a rock that was used as a
doorstop and hit appellant twice with the rock: once in the mouth and once just
above the eye.  Appellant testified that, as Erica was hitting him with the
rock, he pushed her away and “she smacked herself in the head.”  When she tried
to hit appellant a third time, he grabbed her wrist and the back of her neck
and “took her to the floor to her knees.”  Appellant took the rock away from
Erica and let her go.  She jumped up and ran out of the house.

Section 9.31 of the Penal Code provides in relevant part
that “a person is justified in using force against another when and to the
degree the actor reasonably believes the force is immediately necessary to
protect the actor against the other’s use or attempted use of unlawful force.”  Tex. Penal Code Ann. § 9.31 (West 2011). 
From the evidence presented at trial, a rational jury could have found that
appellant’s use of force was not justified; the jury could have believed
Erica’s version of the incident and disbelieved appellant’s version.  After
reviewing all of the evidence, we hold that a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt and also could
have found against appellant on the self-defense issue beyond a reasonable
doubt.  Appellant’s issue is overruled.  

The
judgment of the trial court is affirmed.  

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

December 21,
2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Willson, J.